GULFPORT & M. C. TRACTION CO. *v.* CITY OF BILOXI.

[88 South. 172, No. 21767.]

STREET RAILROADS. *Street railroad distinguished from commercial railroad for imposition of privilege tax.*

Under section 3874, Code of 1906, as amended by Acts 1920, chapter 104, section 60, which reads as follows: "On each individual, firm or corporation operating a street or interurban car line, on each mile or fraction thereof, thirty dollars—*held*, on the evidence introduced in the case, that the Gulfport & Mississippi Coast Traction Company is a street railroad corparation operating a street or interurban car line, and is not a commercial railroad which could be classified as a third class railroad by the State Railroad Commission, and the city assessment of fifteen dollars per mile on the line in the city is valid under the law.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by the city of Biloxi against the Gulfport & Mississippi Coast Traction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*White & Ford,* for appellant.

It will be seen at the outset that the city authorities of Biloxi have assumed to exercise the functions of the railroad commission or at least have displaced that body. The question here is whether the defendant company is a street car company or a third class railroad. The lower court adopted the view that as some portion of the company's line was in or near a street, its location controlled instead of its business and character, the propelling power cuts no figure. The New York Central and Pennsylvania and other first class railroads are coming to use electricity to move their finest and fastest trains. It is well known that in various large cities through such roads pass for miles and miles their tracks traverse city

streets. Can it be said that because trains go through streets and are run by electricity, these railroads are street car lines? The electric locomotive resembles, to a large extent, the modern electric interurban car. Great railroads run interurban trains for the convenience of their passengers and to relieve the traffic on their through trains. Does this make them street car companies? Strictly, street car companies haul no freight. The freight carrying nature of the defendant alone takes it out of the category of a street car company. Street car companies are not equipped to haul freight, and especially car load lots.

The supreme court of Florida in 1895, when street cars were primitive, in the case of *Blexham* v. *Street Railway Company,* 51 A. S. R. 44, decided this question. The above case is exactly in point both on the question of whether the defendant here is a railroad and further to the effect that the authorities whose duty it is to classify such property, have so classed it. We certainly submit the railroad commission's classification is of greater force than that of the city commissioner's of Biloxi, especially when the city authorities act with a purpose of increased revenue in view, adopting the classification creating the greatest revenue to the city.

We cite no further authority on the point than constructions placed on statutes and conditions by governmental agencies and bodies charged with supervision and enforcement of ministerial acts, have the greatest weight with the courts.

The speed of the interurban cars of this company take it out of the class of slow-going street cars. These cars have great speed. The name is not that of a street railroad.

"The word 'railroad' or 'railway' when not qualified by the word 'street' or other expression of similar import, has special reference to what are sometimes denominated commercial railroads." *McLeod* v. *C. & N. W. R. Co.,* 101 N. W. (Iowa), 77.

The general characteristic of a street railroad is that it is built upon and passed along streets and avenues for the convenience of those moving from place to place thereon. Its fundamental purpose is to accommodate street travel, and not travel to or from points beyond the city's lines. An electric railway company chartered under the general railway act, and authorized to operate between two cities and transport its passengers, mail, express, and other mat-ter, is a commercial railroad and not a street railroad. *City of Aurora* v. *Elgin A. & S. Traction Co.*, 81 N. E. 544, 547, 227 Ill. 485 (citing *Harvey* v. *Aurora & G. Ry. Co.*, 51 N. E. 163, 174 Ill. 295; *South Beach Ry. Co.* v. *Byrnes*, 23 N. E. 486, 119 N. Y. 141; *Diebhold* v. *Kentucky Traction Co.*, 77 S. W. 674, 117 Ky. 146, 63 L. R. A. 637; *Zehren* v. *Milwaukee Electric Railway & Light Co.*, 74 N. W. 538, 41 L. R. A. 575, 67 Am. St. Rep. 844; *Rahn Town-ship* v. *Tamaqua & L. St. Ry.*, 31 Atl. 472, 167 Pa. 84.)

The law recognizes several kinds of railroads and rail-road companies, and recognizes a distinction between a railroad and a street railroad. Statutes using the general term railroad may or may not apply to a street railroad. Where the word railroad is used in a suit to determine whether it is intended to embrace in its meaning a street railroad, the connection in which it is used must be con-sidered. *Sams* v. *St. Louis & M. R. R. Co.*, 73 S. W. 686, 690, 174 Mo. 53, 61 L. R. A. 475.

4 Words and Phrases (2 Ed.), p. 716. See, also, large number of definitions, 4 Words and Phrases, page 95, et seq.

For a full discussion of the matter and a case where it is held, the use of the road and not the motive power con-trols. See *Trust Co.* v. *Hamilton*, 32 C. C. A. (9 Cir.) 46. Railroad and railway under all authorities are synony-mous terms. Some of the great trunk line railroads desig-nate themselves railways, for instance, the Southern Rail-way. So the fact that a carrier is a railway does not pre-vent it coming under statutory provisions concerning rail-roads. A dummy line over which cars carrying passengers

exclusively are drawn by small steam engines called dummies; running in the streets of a city, is a railroad. *Katzerberger* v. *Lawo,* 25 A. S. R. (Tenn.) 681. See, also, 33 Cyc., p. 33-4-5, and notes.

We respectfully submit that the facts of this case show the appellant to be a railroad and not a street car company. If it is liable for the tax sought to be collected by Biloxi, then it is liable also to Gulfport, Pass Christian, Long Beach and Mississippi City through all of which towns the tracks pass. · The tax is on the company and not the track, the mileage being only the basis of fixing the tax, and certainly there is no distinct company in all of these various municipalities.

We respectfully submit the lower court was in error in rendering judgment for the city and that the case should be reversed and dismissed.

*Rushing & Guice,* for appellee.

"May it please your honors, it appears that this company was organized under general street railways laws and that the very purpose for which it was created was as expressed in its charter to own, build, construct, maintain, and operate electric light and street railway power systems in the counties of Hancock, Harrison and Jackson, etc."

All of the franchises acquired by appellant company are franchises for a street railway. Learned counsel for the appellant contend that the appellant company is entitled to classification as a third class railroad by reason of the fact that it hauls freight and that its interurban cars make connection with local cars at Biloxi. It appears from the evidence that these interurban cars are in the same class as the local cars within the city limits. They make frequent stops, charge the same fare whether a patron rides a mile or four hundred yards.

We submit that this custom of the appellant company does not change the main purpose for which the company

was organized. It appears from the business conducted by the company and the manner of conducting the business that the handling of freight is only incidental to its main purpose and that freight is secondary in importance to the carriage of passengers and engaging in the business of a street railway and interurban car line.

It is rather difficult to understand how counsel can contend that this car line is not an interurban car line within the meaning of the chapter 104, Law of 1920. Webster defines "inter" as, between, among; and "urban" as of or belonging to a city or town. The standard dictionary defines the word "interurban" as between cities, and as this line extends from Biloxi on the east through Gulfport and Long Beach to the city of Pass Christian on the west, it certainly is an interurban car line.

The Mississippi legislature passed a law in 1914, being chapter 135, Acts 1914, giving the railroad commission concurrent jurisdiction with municipalities to investigate complaints as to street railway companies or traction lines and to empower the commission to fix charges for transportation on such lines, etc.

We do not concede the constitutionality of this statute when it abrogates franchise rights but if the court should be of the opinion that it is constitutional, then in that event we submit that the extent of the authority given the railroad commission is governed by the provision of this statute and does not include the right to classify.

The legislature of this state has always recognized a distinction between steam railroads and street railways as will be reflected by legislation as to the two classes. The learned author of Hemingway's Code, Hon. WM. HEMINGWAY, placed in his code, chapter 173, which chapter refers only to street railways.

The distinction between street railways and steam railroads is a matter of common knowledge. We submit that section 6573, Hemingway's Code, section 3856, Code of 1906, as amended), was intended by the legislature to ap-

ply only to steam railroads and did not embrace street car lines.

In *Massachusetts Loan Co.* v. *Hamilton,* 88 Fed. 588, 32 C. C. A. 46, in the circuit court of appeals for the ninth circuit it was said: "If there is any doubt about the true meaning of a term used in a statute, the legislative intent is not to be determined from the particular expression, but from the general legislation of the state concerning the same subject-matter. It may in some connections have a broad and comprehensive meaning, and in others a narrow and limited meaning. The meaning of the word must always depend upon the context and the legislative intent of the statute in which it is used, from the occasion and necessity of the law, from the mischief felt, and the object and remedy in view. Admitting, for the sake of argument, that some of the provisions of this section might be applicable to street railways, if they were alluded to or mentioned in the act, it is apparent, from the object, scope, and effect of the previous sections and the language at the head of the provisions of this section, that the legislative mind was directed to the character of roads operated by steam for the purpose of general traffic, of carrying passengers and freight, and herein designated as the railroads of commerce, as distinguished from street railways in the cities and towns for the convenience of passengers only.

In 13 Cyc., p. 1347 it is said:

### Definition and Nature.

"A Definition:—1. Of course street railroad. A street railroad or railway has been defined as a railroad or railway laid down upon roads or streets for the purpose of carrying passengers. Ordinarily the chief characteristics of a street railroad are: That it is constructed upon and passes along streets and highways; that it is usually constructed so as to conform to the grade of the street and so as not to interfere with the use of the street by pedestrians and vehicles; that it is operated for the transportation of

passengers from one point to another in a city or town, or to and from its suburbs; that its cars run at short intervals, at a moderate rate of speed as compared with the speed of commercial railroads, and make frequent stops, particularly at street crossings to take on and leave off passengers; and that primarily its business is confined to the transportation of passengers and not freight. But in the light of development in recent years of the equipment, operation, and use of street railroads, it is not now considered essential that a railroad should strictly adhere to all of these characteristics in order to constitute it a street railroad, and if its primary purpose is to operate upon streets for the transportation of passengers to and from points in a city or town or its suburbs, it is none the less a street railroad because of the fact that it also operates beyond the city limits, or between contiguous towns or cities as an interurban railroad, or for a part of its route upon property other than streets or highways, or even that it transports freight as a part of its business. Whether or not a certain railroad is a street railroad is not determined by the kind of rails it uses in its tracks, or by its position in reference to the surface of the street; or by the fact that its tracks are laid in and confined to the streets of a city; but its character usually depends upon the purpose it fulfills, and if it is designed and used primarily for street passengers and for their reception and discharge along its route, it is a street railroad without regard to the method of construction or operation, the kind of motive power used, whether animal or mechanical, or whether it is constructed at grade or upon an overhead structure as in the case of an elevated railroad or with cuts and fills, or is beneath the surface as in the case of a subway."

It is difficult, in some cases, owing to the fact that street railway companies have been gradually extending the sphere and character of their operations, to determine in what class a particular road belongs, but it does not obliterate the main purpose and functions of the two classes.

*State* v. *Duluth Gas Co.,* 76 Minn. 96, 78 N. W. 1032, 57 L. R. A. 63.

A road is a stret railroad where large double track cars are operated over it through contiguous towns; nearly all the lines are within the corporate limits; no interstate cars are run over the line involved; the company is permitted, by its franchise, to carry mail, persons and property under Laws 1920, p. 461, c. 207, relating to street railways; passengers are carried only; the company was organized under general street railways laws and uses electricity, as motive power; the lines were built throughout on public streets and highways; the cars stop at all street crossings and between such crossings where the distance is great or convenience of passengers requires it, to take on or let off passengers; the tracks are maintained on a level with the streets and where five cent fares can be charged from any point on the line to any other point within the state, etc. *Michigan Central Ry. Co.* v. *Hammon West and E. C. Electric Ry. Co.,* 83 N. E. 650.

(Cal. 1911.) "A street railway is defined as a railroad constructed upon the surface of the public street in towns or cities; a tramway and railroad on the surface of the streets for the convenience of passengers; a surface railroad as in a city and is one constructed and operated on and along the streets of a city or town or to and from its suburbs. *Summelan* v. *Pacific Electric Ry. Co.,* 115 Pac. 320."

Whether a railway is a street railway does not depend solely upon the motive power but other features are to be considered, as the location and method of construction of the track, the manner of the operation of the cars and the general purpose of the enterprise. Id.

(Ind. 1910.) A corporation empowered to construct, equip, and operate a street and interurban railway was none the less a street and interurban railway corporation because it was also authorized to promote plans for the creation and distribution of electricity and other heat, light and power. *F. W. Cook Lw. Co.* v. *Evansville Ter-*

*minal Ry. Co.,* 93 N. E. 279, *Reitze* v. *Same,* Id. 283.

"That an electric railway carries mail, persons and property would not render it a commercial and not a street railway. *Galveston H. & C. Ry. Co.* v. *Houston Electric Co.,* 122 S. W. 287."

A street railroad and an electric railroad designed to run beyond the municipal limits may be incorporated under the same charter. *Shreveport Traction Co.* v. *Kansas City, S. & G. Ry. Co.,* 44 So. 457, 119 La. 759 ;

(Md. 1907.) An electric railway is none the less a street railway within the city limits under ordinances authorizing it to use certain streets, etc., because when it leaves the city it becomes an interurban railway. *Jeffers* v. *City of Annapolis,* 86 A. 361, Am. Dig., Col. 3.

"The statute as to taxation of railroads has never been applied to the taxation of street railroads. 52 N. E. 192, *Masselleon Bridge Co.* v. *Camurie Icm. Co.*"

In the case of *Louisville & P. R. Co.* v. *Louisville City R. R. Co.,* 2 Div. 175, it was held that a street railway in both its technical and popular sense is not a railroad. This is approved by Elliott, Roads & Steam 557, and by Ror. R. R. 1422. Extracts from opinion in *Bridge Co.* v. *Iron Co.,* 52 N. E. 192. Street and commercial railroads defined and distinction stated. *Hatzell* v. *Alton Grante & St. Louis Traction Co.,* 104 N. E. 1080, 236 Ill. 205.

In conclusion we submit that the judgment of the lower court should be affirmed and the appellant required to pay the proper privilege license on the business conducted by it and we submit the evidence shows the appellant to be engaged in the business of operating a street railway.

Holden, J., delivered the opinion of the court.

This is a suit by the city of Biloxi against the Gulfport & Mississippi Coast Traction Company to recover a privilege tax of one hundred twenty dollars upon eight miles of street car line operated in Biloxi. The appellant street railroad defended on the ground that it is a third class

railroad, and as such was due only forty dollars, or five dollars per mile, on the eight miles of its line in the appellee city.  From a judgment in favor of the city the street railroad appeals.

The city seeks to recover under section 3874, Code of 1906, as amended by Acts 1920, chapter 104, section 60, which reads as follows:

"Street Cars.—On each individual, firm or corporation operating a street or interurban car line, on each mile or fraction thereof, thirty dollars."

The appellant street railroad contended that it was liable for the privilege tax under section 6573, Hemingway's Code, as a railroad of the third class, in which class it had been placed by the State Railroad Commission; that this tax is ten dollars per mile to the state, and as the city of Biloxi levies a privilege tax of fifty per cent. of the state tax, it was liable for only five dollars per mile.

At the trial, which was heard by the judge without a jury, proof was offered by the city and the street railroad as to the character of the business carried on by the street railroad, its franchise in the city, its purposes and operation.  There is testimony showing that the street railroad had a car which it used in transporting freight on its city street line and interurban line. Its city franchise showed it to be a street railroad; its operation, generally and primarily, was in transporting passengers from one part of the city to the other, and also running part of its cars in interurban passenger traffic.  The tracks in the city are laid in the street, and even with the surface thereof, and its primary business is that of a street railroad.

We consider it unnecessary to set out the evidence in detail, showing that the appellant was a street railroad "corporation operating a street or interurban car line," but deem it sufficient to say that the proof is overwhelming, if not conclusive, that the appellant corporation operated a street railroad and interurban car line. Therefore it is not a commercial railroad which could be classified as a third class railroad by the State Railroad Commis-

sion. There is but scant room for argument to the contrary.

The city assessment of fifteen dollars per mile on the eight miles in the city, which is fifty per cent. of the state tax, is correct and valid.

The judgment of the lower court is affirmed.

*Affirmed.*